UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANWAR LIGGINS,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL PYZIKIEWICZ (SHIELD #6758), JOHN
DOES 1 through 4, individually and in their official
capacities (the name John Doe being fictitious, as the true
names are presently unknown),

                                    Defendants.

------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 11 - 2945

VITALIANO, J.

LEVY M J

## PRELIMINARY STATEMENT

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on August 29, 2010, defendants falsely arrested him, employed excessive force, and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Brooklyn in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Michael Pyzikiewicz ("Pyzikiewicz") is a member of the New York City Police Department who was acting under color of state law and in his capacity as a City law enforcement officer at all relevant times. Pyzikiewicz is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Pyzikiewicz is sued in his individual and official capacities.

7. Police Officers John Does 1-4 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On August 29, 2010, at approximately 10:00 p.m., Plaintiff, who has no criminal record, was lawfully present at a party in a private yard at Pine Street and Belmont Avenue in Brooklyn, New York.

8. NYPD Officers on bicycles approached the private yard and demanded that Plaintiff exit the yard.

9. When Plaintiff, who was breaking no law, asked why he was being targeted, Defendant Officers seized him, threw him against the yard gate and flipped him over the gate.

10. Defendant Officers cuffed Plaintiff excessively tight.

11. Plaintiff was transported to the 75th Precinct.

12. Plaintiff was transported to Brooklyn Central Booking, where he was charged with resisting arrest, disorderly conduct and harassment.

13. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of resisting arrest, disorderly conduct and harassment.

14. Plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

15. On May 10, 2011, Plaintiff accepted an adjournment in contemplation of dismissal ("ACD") in satisfaction of the charges.

16. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM

## (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23. Plaintiff was aware of his confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM

## (§1983 UNREASONABLE FORCE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM

## (§1983 FABRICATION OF EVIDENCE)

29. Plaintiff repeats the foregoing allegations.

30. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

4

31. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

32. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

## (§1983 "MONELL" CLAIM)

34. Plaintiff repeats the foregoing allegations.

35. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

36. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

37. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

38. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

39. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

40. These policies, practices and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as the Court may deem just and proper.

DATED: June 17, 2011

New York, New York

**CHRISTOPHER WRIGHT (CW-8079)**
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419