UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANWAR LIGGINS,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL PYZIKIEWICZ (SHIELD #6758),
JOHN DOES 1 through 4, individually, and in their
official capacities (the name John Doe being
fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------x

**ANSWER TO THE COMPLAINT**

CV 11 2945 (ENV) RML

JURY TRIAL DEMANDED

        Defendants City of New York and Michael Pyzikiewicz, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint dated June 17, 2011 (hereinafter "complaint"), respectfully allege upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff was arrested on August 29, 2010, and that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Admit the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint insofar as it sets forth averments of fact, except admit that Michael Pyzikiewicz is a member of the New York City Police Department; insofar as it sets forth averments of law, defendants state that no response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, defendants state that no response is required.

8. Deny the allegations set forth in the second paragraph "7" of the complaint, except admit that plaintiff was in the vicinity of Pine Street and Belmont Avenue in Brooklyn on or about August 29, 2010.

9. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff was approached by police officers on August 29, 2010.

10. Deny the allegations set forth in paragraph "9" of the complaint.

11. Deny the allegations set forth in paragraph "10" of the complaint.

12. Admit the allegations set forth in paragraph "11" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

14. Deny the allegations set forth in paragraph "13" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

17. Deny the allegations set forth in paragraph "16" of the complaint.

18. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.[1]

19. Deny the allegations set forth in paragraph "22" of the complaint.

20. Deny the allegations set forth in paragraph "23" of the complaint.

21. Deny the allegations set forth in paragraph "24" of the complaint.

22. Deny the allegations set forth in paragraph "25" of the complaint.

23. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "27" of the complaint.

25. Deny the allegations set forth in paragraph "28" of the complaint.

26. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "30" of the complaint.

28. Deny the allegations set forth in paragraph "31" of the complaint.

29. Deny the allegations set forth in paragraph "32" of the complain

30. Deny the allegations set forth in paragraph "33" of the complaint.

31. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

---

[1] The complaint appears to skip paragraphs 17 through 20.

32. Deny the allegations set forth in paragraph "35" of the complaint.

33. Deny the allegations set forth in paragraph "36" of the complaint.

34. Deny the allegations set forth in paragraph "37" of the complain

35. Deny the allegations set forth in paragraph "38" of the complaint.

36. Deny the allegations set forth in paragraph "39" of the complaint.

37. Deny the allegations set forth in paragraph "40" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

38. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

39. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

40. Any injury alleged to have been sustained by plaintiff resulted from plaintiff's own culpable or negligent conduct, or that of third-parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

41. There was probable cause for plaintiff's arrest and/or prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

43.     Plaintiff may have failed to comply with the conditions precedent to suit.

**AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE:**

44.     Plaintiff cannot obtain punitive damages against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

45.     Defendant Michael Pyzikiewicz has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and is therefore protected by qualified immunity.

**WHEREFORE**, defendants City of New York and Michael Pyzikiewicz request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        October 17, 2011

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> *Attorney for Defendants City of New York and Michael Pyzikiewicz*
> 100 Church Street, Room 3-203b
> New York, New York 10007
> (212) 341-0797
>
> By:    /S
>        BRIAN J. FARRAR
>        Assistant Corporation Counsel

To:     Christopher Wright, Esq. (by ECF)
        *Attorney for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York 10007

Index No.  CV 11 2945 (ENV) RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANWAR LIGGINS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL PYZIKIEWICZ (SHIELD #6758), JOHN DOES 1 through 4, individually, and in their official capacities (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.

## **ANSWER TO THE COMPLAINT**

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Michael Pyzikiewicz*

*100 Church Street, Room 3-203b*
*New York, New York 10007*

*Of Counsel:  Brian Farrar*
*Tel:  (212) 341-0797*
*NYCLIS No.*

*Due and timely service is hereby admitted. New York, New York     , 2011 . . .*

*.................................................................. Esq.*

*Attorney for .........................................................*